McClish *v.* Manning.

*C. Negus* and *J. L. C. Crookham,* for plaintiff in error.

*W. H. Seevers* and *W. T. Smith,* for defendant.

———— ❖ ◑ ● ————

## McClish *v.* Manning.

Where a *cognovit* promised payment in ten months after date, but authorized a judgment at the next term of court after the date of the judgment note, and before it was due ; held, that judgment could be entered at that term of court, with a stay of execution until the ten months elapsed.

Error *to Davis District Court.*

*Opinion by* Greene, J. In this case, judgment was confessed by James H. Cowles, Esq., as attorney, against Thomas McClish, in favor of Edwin Manning, on the 21st of April, 1848, for the sum of sixty dollars, with ten per cent interest thereon, from the 11th February, 1848, until paid, with costs. To this judgment, an order is appended,

that execution issue accordingly. These proceedings were by virtue of an instrument dated February 11, 1848, and signed by said McClish, in the following language, under seal: "Ten months after date, for value received, I promise to pay Edwin Manning, or bearer, sixty dollars, with interest at the rate of ten per cent till paid, without defalcation or discount. And further, I do hereby authorize and appoint H. B. Horn, or any attorney at law, as my true and lawful agent to appear for me at the next term—from the date hereof—or any subsequent term of the district court holden in Davis county, or elsewhere in the State of Iowa, and hereupon confess judgment against me in favor of the said Edwin Manning, for the above sum, with interest above mentioned and costs of suit, hereby waiving process, right of appeal, and stay of execution until the day of payment."

To the judgment rendered upon this instrument, several objections are now urged.

It is claimed that Manning was not entitled to a judgment until the expiration of the ten months stipulated in the note. But this position is explicitly controverted by the cognovit which authorized a judgment to be confessed at the next term of the district court after the date thereof. The intention of McClish to authorize a judgment against him, in favor of Manning, before the expiration of the ten months, admits of no doubt. It is expressed with clearness and certainty in the instrument. As between the parties, that intention must obviously govern, and so as to third parties in the absence of collusion and fraud. We regard it as a legitimate commercial transaction, in which a debtor may often avoid expensive litigation and distress by voluntarily and amicably securing the claim of his creditor, and at the same time secure indulgence on the execution. As a system of security, when *bona fide* entered into, it has never been regarded as seriously objectionable; it is a system adopted to an increasing extent in business transaction, and is by no means discountenanced by courts of justice.

McClish *v.* Manning.

So far have such judgments been judicially encouraged by recent decisions, that they have been held valid to cover advances made subsequent to their rendition. *Lee Hoven* v. *Keins*, 2 Barr., 96.

But the statute is cited as an objection to the judgment in this case. By Rev. Stat. 473, § 22, any person is authorized to confess a judgment by himself or his attorney, "for a debt *bona fide* due." This statutory modification does not, we think, refer so much to the time when a debt is payable as to its character. If the debt was genuine in its character, contracted in good faith, it might properly be considered a debt *bona fide* due, although by agreement made payable at a future period, in order to secure judgment on cognovit.

Besides, this statute is merely cumulative on common law principles, in relation to judgments by confession. The same general rules of law which prevailed before this enactment, are still applicable to such proceedings. Judgments by confession are encouraged at common law, as an amicable, easy and cheap way to settle and secure debts, and as the *cognovit* voluntarily acknowledges the justice of plaintiff's claim, and authorizes a judgment to be rendered at the next term of court, we see no reason why this intention of the parties should not be enforced. The only objection urged to this observance of the intention of the parties, is the statute to which we have referred, on the ground that the debt was not due. We think that no debtor would be likely to sign a judgment note, and authorize a judgment against himself at so early a day, on any other "than a debt *bona fide* due;" nor would he be likely to promise and authorize the payment of ten per cent interest upon a debt not due. We conclude then, that this judgment note was given for a debt "*bona fide* due;" that it authorized a judgment for the amount of the indebtedness, drawing ten per cent interest; but that payment could not be enforced by execution till after ten months from the date of the

15

*cognovit.* As the judgment below authorizes execution at once, it is ordered that the judgment below be modified in that particular, and in all other respects affirmed.

Judgment modified.

*Wright & Knapp*, for plaintiff in error.

*A. Hall* and *J. H. Cowles*, for defendant.